# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**MISSISSIPPI FARM BUREAU**                                            **PLAINTIFF**
**CASUALTY INSURANCE COMPANY,**
**INDIVIDUALLY AND AS EQUITABLE**
**SUBROGEE OF THE CONLAN COMPANY**

**V.**                                      **CIVIL ACTION NO.: 3:11-CV-706-CWR-FKB**

**AMERISURE INSURANCE COMPANY**                         **DEFENDANT**

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Mississippi Farm Bureau Casualty Insurance Company's Motion for Reconsideration, Docket No. 78. The Plaintiff seeks reconsideration of the Court's January 24, 2013, Memorandum Opinion and Order, Docket No. 71, granting Defendant Amerisure Insurance Company's Motion for Summary Judgment, Docket No. 36. The Defendant opposes the Plaintiff's Motion for Reconsideration, Docket No. 80. The Court, after reviewing the parties' submissions and relevant law, finds that the motion must be DENIED.

### I. LEGAL STANDARD

Motions to reconsider are treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000); *Lopez v. City of Biloxi, Miss.*, No. 1:03-cv-122-WJG-JMR, 2006 WL 2255149, at *1 (S.D. Miss. Aug. 6, 2006). "Reconsideration of a judgment is an extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments or present evidence that could have been raised prior to entry of judgment." *Sevel v. BP Products North America, Inc.*, No. 1:10cv179HSO-JMR, 2010 WL 2776369, at *1 (S.D. Miss. July 13, 2010) (citations omitted). There are only three possible grounds for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new

evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

## II. DISCUSSION

On January 24, 2013, the Court granted Amerisure Insurance Company's ("Amerisure") Motion for Summary Judgment, concluding that Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau") could not recover from Amerisure a portion of the costs that Farm Bureau expended while defending The Conlan Company ("Conlan") in an Alabama state court lawsuit. *See* Docket No. 71. The Court's Order states, "Because Farm Bureau had no contractual obligation to defend Conlan against counts two and four [of the Alabama lawsuit], but chose to do so without exercising the legal remedies available to it to resist Conlan's and Amerisure's demands for Conlan's full defense, Mississippi's volunteer payment doctrine bars Farm Bureau from recovering costs from Amerisure in this action." Docket No. 71, at 17. Mississippi's voluntary payment doctrine provides that "a voluntary payment can not be recovered back, and a voluntary payment within the meaning of this rule is a payment made without compulsion, fraud, mistake of fact, or agreement to repay a demand which the payor does not owe, and which is not enforceable against him, instead of invoking the remedy or defense which the law affords against such demand." *McDaniel Bros. Constr. Co. v. Burk-Hallman Co.*, 175 So. 2d 603, 605 (Miss. 1965) (quoted in *Genesis Ins. Co. v. Wausau Ins. Cos.*, 343 F.3d 733, 736 (5th Cir. 2003)).

After the Court granted summary judgment in favor of Amerisure, Farm Bureau timely filed its Motion for Reconsideration under Federal Rule of Civil Procedure 59 on February 19, 2013, asserting that "the Court's opinion contains manifest errors of law and fact, and that the

2

Plaintiff will suffer substantial harm should the Court adhere to its present ruling." Docket No. 78, at 1. Farm Bureau's brief in support of its motion echoes the arguments that Farm Bureau put forth in its opposition to Amerisure's Motion for Summary Judgment. Farm Bureau asserts that the volunteer payment doctrine does not apply in this case because at the time Farm Bureau provided Conlan's defense, a genuine dispute of material fact existed regarding whether defense costs could be allocated between the claims for which Farm Bureau was responsible for providing Conlan a defense, and the claims for which Farm Bureau had no duty to provide a defense. *See* Docket No. 79, at 5. If the defense costs were incapable of being allocated, Farm Bureau opines that it would have been responsible for the entire cost of defending Conlan. *See id.* Hence, Farm Bureau insists that it did not volunteer to provide Conlan a full defense because it *possibly* had a legal obligation to pay the defense costs. *See id.* The Court addressed each of these arguments in its Order granting summary judgment, and Farm Bureau has failed to demonstrate that the Court clearly erred in its analysis of the law and facts on these issues. Reconsideration is, therefore, inappropriate.

Farm Bureau also asserts that the consequences it may have faced if it did not pay for Conlan's entire defense "was of a sufficiently dire magnitude to justify a finding that any payments made in defending the claims not covered under the applicable Farm Bureau policy were compelled." Docket No. 79, at 10-11. On this issue, Farm Bureau mentions the possibility of being sued for bad faith if a court were to determine that it was required to defend Conlan against all claims. Farm Bureau did not raise or present evidence on this issue in its opposition to Amerisure's Motion for Summary Judgment and, therefore, has waived the argument. *See Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143-44 (5th Cir. 2004) (unpublished) (holding that party's failure

to raise an argument in opposition to summary judgment waived the argument). *See also Nabers ex rel. Emergystat, Inc. v. Morgan*, No. 3:09-cv-70-CWR-FKB, 2011 WL 1884721, at *1 (S.D. Miss. May 17, 2011) (motion for reconsideration is not proper vehicle through which to raise new arguments); *Patterson v. Alcorn County Sch. Dist.*, No. 1:06CV339, 2008 WL 2164691, at *1 (N.D. Miss. May 22, 2008) (arguments raised for the first time via motion for reconsideration are procedurally barred).

Even if Farm Bureau's argument regarding its potential liability has not been waived, Mississippi law specifically provides that the threat of a lawsuit does not amount to compulsion. *See McLean v. Love*, 157 So. 361, 362 (Miss. 1934) ("[T]he only compulsion suggested was a threat to sue, which is not compulsion . . . ."). Thus, Farm Bureau's fear of a suit against it if it did not provide a full defense to Conlan does not amount to compulsion. Furthermore, Farm Bureau has still not addressed whether the financial risk that it faced if it refused to provide Conlan a full defense was "different and disproportionately greater" than the cost of defending Amerisure against claims that were not covered under Farm Bureau's policy. *See Genesis*, 343 F.3d at 739-40. Farm Bureau merely points to the $25,000.00 limit of the applicable insurance policy, which is irrelevant to the issue in this case—the cost of Farm Bureau providing a defense to Conlan for claims not covered under the insurance policy.

The Court also notes that Farm Bureau, an insurance company that regularly litigates coverage issues, including defending itself against bad faith claims, has not suggested that its potential costs for refusing to provide Conlan a defense for noncovered claims would have such "a disastrous effect to business" that Farm Bureau was compelled to provide the defense. *Id.* at 740 (citation omitted). Nor has Farm Bureau demonstrated that at the time it paid for Conlan's full defense, it had the requisite "sense of immediacy often accompanied by compelled

4

payments." *Id.* at 739.

Having failed to establish an intervening change in controlling law, new evidence not previously available, clear error of law, or manifest injustice, Farm Bureau is not entitled to reconsideration of the Court's Order granting summary judgment in favor of Amerisure.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED**, this the 28th day of February, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
